IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

AKIL MCINTOSH,

                    Plaintiff,                  Case No. 3:07 CV 2583

    -vs-

STUART HUDSON,                        <u>MEMORANDUM   OPINION</u>

                    Defendant.

KATZ, J.

This matter is before the Court on: (1) Petitioner's Objections to the Report and Recommendation ("R&R") of the Magistrate Judge (Doc. 14, 16); (2) Respondent's Motion to Strike Petitioner's Objections (Doc. 18); and (3) Petitioner's Motion for Leave to Amend Petition (Doc. 17; *see also* Respondent's Opposition (Doc. 20) and Petitioner's Reply (Doc. 21)).  This Court has habeas jurisdiction pursuant to 28 U.S.C. § 2241(a).

As set forth below, the Court finds: (1) that Petitioner has properly objected to the Magistrate Judge's R&R; (2) that Petitioner does not present sufficient reasons to justify an amendment of his petition; (3) that Petitioner's claims relating to his conviction and sentencing are barred by the statute of limitations; (4) that Petitioner's claims relating to the appellate court's denial of leave to file a delayed appeal are not time-barred; (5) that Petitioner's appeal-based claims were properly exhausted before the state courts; and (6) that Petitioner's appeal-based claims are meritorious.

Accordingly, Respondent's motion to strike Petitioner's objections is denied.  (Doc. 18). Petitioner's motion for leave to amend petition is denied.  (Doc. 19).  The Magistrate Judge's R&R is adopted in part and rejected in part: Petitioner's claims with respect to his conviction and sentencing are dismissed with prejudice; Petitioner's habeas Petition with respect to the denial of

leave to file a delayed appeal is conditionally granted.  (Doc. 1, 11).  The State of Ohio shall reinstate Petitioner's direct appeal of his conviction within sixty days of Petitioner's renewed filing for motion for delayed appeal, or Petitioner shall be released from prison.

## I.  BACKGROUND

On May 3, 2004, before the Cuyahoga County Court of Common Pleas, Petitioner pled guilty to murder in violation of OHIO REV. CODE § 2903.02(A) with a three-year firearm specification pursuant to § 2941.145.  (Doc. 7, Ex. 3, 4).  Petitioner was represented by counsel (*Id.*).  The trial court sentenced Petitioner to a prison term of 18 years to life.  (*Id.*).  The trial court did not mention Petitioner's appellate rights in any context. (*See* Doc. 7, Ex. 4).  The trial court entered Petitioner's conviction and sentence on May 6, 2004.  (Doc. 7, Ex. 3).

On February 16, 2007, Petitioner, appearing *pro se*, filed with the Court of Appeals of Ohio for the Eighth District a notice of appeal, a motion for leave to file a delayed appeal, and a motion for appointment of counsel.  (Doc. 7, Ex. 12, 15).  In asking for a delayed appeal, Petitioner argued that the trial court and trial counsel failed to advise him of his right to appeal, which was the cause of delay in filing for appellate relief.  (*Id.*).  On March 13, 2007, the appellate court denied without comment Petitioner's motion for leave to file a delayed appeal; denied Petitioner's motion for appointment of counsel; and *sua sponte* dismissed Petitioner's appeal. (Doc. 7, Ex. 15).

On April 23, 2007, Petitioner, *pro se*, filed a notice of appeal to the Supreme Court of Ohio.  (Doc. 7, Ex. 16).  Petitioner, in his Memorandum of Jurisdiction, argued that the appellate court violated the United States and Ohio State Constitutions in denying leave to file a delayed appeal and in denying appointment of counsel on appeal.  (Doc. 7, Ex. 16 at 4-6).  Petitioner set forth the following proposition of law: "A court of appeals abuses its discretion when it denies

leave to file a delayed appeal where the delay in noting an appeal is attributed to the trial court's failure to advise the criminal defendant of his right to appeal."  (Doc. 7, Ex. 17 at 4).  On July 25, 2007, the Supreme Court of Ohio dismissed the appeal "as not involving any substantial constitutional question."  (Doc. 7, Ex. 19).

On August 15, 2007, Petitioner filed this Petition for a Writ of Habeas Corpus *in forma pauperis*.  (Doc. 1).  *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (citing *Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (a *pro se* prisoner's petition is considered to be filed on the day he delivers it to prison authorities).  Petitioner raises three grounds for relief:

| | |
|---|---|
| **Ground One**: | Petitioner has been denied due process under the Fourteenth Amendment to the United States Constitution. |
| **Supporting Facts:** | The Ohio Court of Common Pleas and Ohio Court of Appeals have prevented petitioner from pursuing an appeal of right by failing to advise him of his appellate rights and then refused to allow him to file a delayed appeal. |
| **Ground Two:** | Petitioner has been denied the federal right to counsel guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. |
| **Supporting Facts:** | The Ohio Court of Common Pleas and the Ohio Court of Appeals have prevented petitioner from obtaining court appointed counsel despite his indigency. |
| **Ground Three:** | Petitioner has been denied the federal right to effective counsel guaranteed by the Sixth Amendment to the United States Constitution. |
| **Supporting Facts:** | Petitioner's trial counsel did not advise him of his right to appeal, ask if he would like to appeal, or have counsel appointed to file an appeal for petitioner. |

(Doc. 1 at 6-9).  Respondent's Return of Writ (Doc. 8) and Petitioner's Traverse (Doc. 10) followed. [1]

On September 25, 2008, the Magistrate Judge recommended that the Petition be dismissed as barred by the applicable statute of limitations.  (Doc. 11).  This Court adopted the Magistrate Judge's R&R and ordered the Petition dismissed on October 28, 2008.  (Doc. 13).  On October 30, 2008, the Court received a general objection, dated October 27, 2008, to the Magistrate Judge's R&R and a motion for extension of time to file more specific objections.  (Doc. 14).  Upon a showing of good cause, the Court vacated the order of dismissal, reopened the case, and granted Petitioner's motion for extension of time.  (Doc. 15).

On December 22, 2008, Petitioner filed a second objection and three new grounds for relief.  (Doc. 16).  Petitioner's three new claims are: (1) *Brady* violations – Prosecutorial misconduct; (2) Ineffective assistance of conspiring or colluding counsel; (3) Unconstitutional sentence resulting from *Brady* violation, judicial misconduct.  Respondent moved to strike Petitioner's objections on December 29, 2008.  (Doc. 18).  Petitioner subsequently moved for leave to amend his petition to include these new grounds.  (Doc. 19; *see also* Doc. 20 (Respondent's Opposition) and Doc. 21 (Petitioner's Reply)).

## II.    STANDARD OF REVIEW

---

[1] Respondent does not dispute Petitioner's factual allegations.  Respondent does not contend that Petitioner in fact received notice of a right to appeal, either from the trial court or trial counsel.  Respondent argues instead that "neither the trial judge nor defense counsel had an obligation to inform Petitioner of a right to appeal after Petitioner entered a guilty plea."  (Doc. 7 at 27).  The question in this case, however, is not who had an obligation to inform Petitioner of a right to appeal; the issue is whether the appellate court could properly deny leave to file a delayed appeal where the defendant received no notice, from either source, of a right to appeal. See the discussion of this issue, *infra*., Part V.C.

28 U.S.C. §636(b)(1) requires a district court to "make a *de novo* determination of those portions of the report . . . or recommendations [of a magistrate judge] to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

### III.    MOTION TO STRIKE PETITIONER'S OBJECTIONS TO R&R

Respondent moves to strike Petitioner's objections and argues that Petitioner has not actually objected to the Magistrate Judge's R&R, but instead presented new claims for relief. (Doc. 18).  Petitioner responds with a motion for leave to amend his petition.  (Doc. 19). Respondent's contention presents the Court with two questions: (1) Did the Petitioner appropriately object to the Magistrate Judge's R&R?  (2) If so, to what portions of the R&R did the Petitioner object?  In answering these questions, the Court takes into account Petitioner's status as a *pro se* litigant unfamiliar with the intricacies of the legal process and affords him the appropriate degree of liberal interpretation.  *See*, *e.g.*, *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972).

Petitioner filed his first objection, along with a motion for extension of time to file objections, on October 30, 2008.  (Doc. 14).  Petitioner's first objection did not specify the portions of the R&R to which he objected, but rather asked for more time to frame objections.  For good cause, this Court vacated its prior order adopting the R&R, granted Petitioner's motion, and reopened the case.  (Doc. 15).  In so ruling, the Court recognized that Petitioner intended to object to the R&R, and was justified in his time delay in voicing his objection. The Court understood that Petitioner in fact objected to the R&R and would make more specific objections at a later date.

Petitioner filed his second objection on December 22, 2008.  (Doc. 16).  Respondent argues that Petitioner's December 22 filing is not really an objection at all, but an improperly

titled motion to amend the petition.  (Doc. 18).  While it is true that Petitioner presented new claims not presented to the Magistrate Judge, Petitioner also reasserted his "[attempt] to voice his objections."  (Doc. 16 at 1, (emphasis omitted)).  It is clear that Petitioner did not understand that an objection to a Magistrate Judge's R&R normally specifies those portions objected to, and the reasons for so objecting.  The purpose of an objection is not to present new claims, but to argue against the findings, conclusions, and recommendations of the R&R based on the law and the record.

However, it is equally clear that Petitioner in fact *intended to object* to the R&R. Petitioner twice submitted that he was objecting to the Magistrate Judge's recommendation. When he realized that his additional claims were not properly brought, he complied with the rules by subsequently filing a "Proper Motion to Amend Petition," incorporating by reference, and without reiteration, his three new grounds for relief.  (Doc. 19).  Though Petitioner has not made his objections more specific, his blanket objection acts as just that, a blanket objection, to which the Court must respond and review his Petition for Writ of Habeas Corpus *de novo*.

Insofar as Respondent has moved to strike Petitioner's blanket objection, the Court denies the motion.  (Doc. 18).  Insofar as Respondent has moved to strike Petitioner's new claims for relief couched as objections, that motion is rendered moot by Petitioner's subsequent motion for leave to amend, and so the Court denies the motion.  (Doc. 18).

## IV.    MOTION FOR LEAVE TO AMEND PETITION

A petitioner may amend his petition after a responsive pleading is received "only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).  Petitioner argues that his three newly discovered grounds for habeas relief justify an amended petition and an adjudication on the merits.  (Doc. 19).

6

Respondent argues that leave to amend the petition should be denied because the petition is time-barred, Petitioner waived his claims by his guilty plea, and the claims lack merit.  (Doc. 20).

Petitioner's three new claims for relief are based on his initial conviction.  (Doc. 16).  However, as discussed *infra*, part V.A.2, Petitioner's claims based on his initial sentencing and conviction are time-barred by the statute of limitations.  Petitioner is not entitled to a later statutory period under 28 U.S.C. §2244(d)(1)(D) because Petitioner's new claims are based, not on the discovery of predicate facts, but on Petitioner's discovery of allegedly applicable law.  Amending the petition would not further the interests of justice, as the new claims are time-barred.  Petitioner's motion for leave to amend is denied.  (Doc. 19).

## V.    PETITION FOR WRIT OF HABEAS CORPUS

The Magistrate Judge recommended dismissal of Petitioner's habeas petition in its entirety as time-barred by the statute of limitations.  (Doc. 11).  However, the Court finds: (1) that  the statute of limitations bars Petitioner's conviction-based claims, but does not bar Petitioner's appeal-based claims;[2] (2) Petitioner has properly exhausted his state court remedies with respect to his appeal-based claims; and (3) Petitioner's appeal-based claims are meritorious. The Court therefore adopts the Magistrate Judge's R&R in part, and rejects it in part, as explained below.

### A.    Statute of Limitations

The statute of limitations for state prisoner habeas petitions reads, in applicable part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

---

[2] "Conviction-based claims" refers to Petitioner's claims of constitutional error during the initial conviction and sentencing proceedings.  "Appeal-based claims" refers to Petitioner's claims based on the appellate court's denial of leave to file a delayed appeal.

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>                                      * * *

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statutory limitations period under 28 U.S.C. § 2244(d)(1) may begin to run at different times for claims based on different court orders. *See DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006). The statutory period for habeas claims based on a conviction may begin to run at an earlier time than for claims based on a denial of leave to appeal. *Id.*

The one-year limitations period may be equitably tolled when a petitioner's failure to meet a legally-mandated deadline unavoidably arose from extraordinary circumstances and the petitioner has exercised due diligence in pursuing his rights. *Pace*, 544 U.S. 408, 418 (2005) ("[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."); *see also Dunlap*, 250 F.3d at 1004; *Graham-Humphrey*, 109 F.3d. at 560-61. The petitioner bears the burden of persuading the court that equitable tolling is appropriate. *Pace*, 544 U.S. at 418.

Petitioner argues that his Petition is not barred by the statute of limitations under *DiCenzi*, *supra*, because he learned of his right to appeal around two years after his conviction and acted with due diligence in learning of this right. (Doc. 10 at 3-4). Alternatively, Petitioner argues that he is entitled to equitable tolling of the statute of limitations. (*Id.*).

8

Respondent argues that the statute of limitations bars the Petition; that *DiCenzi* does not control as the *DiCenzi* court erred in failing to consider *Johnson v. United States*, 544 U.S. 295 (2005), which ruled on an analogous statute of limitations; that Petitioner did not act with due diligence to discover the factual predicate of his Petition so as to take advantage of the later limitations period in 28 U.S.C. § 2244(d)(1)(D); and, that Petitioner is not entitled to equitable tolling of the limitations period because of his lack of diligence in pursuing his rights.  (Doc. 7 at 7-13).

### 1.    Separate limitations periods for claims based on separate proceedings

Applying the court's analysis in *DiCenzi*, *supra*, the Court separates Petitioner's claims into conviction-based and appeal-based claims, applying separate limitations periods to each set of claims.

Respondent contends that this Petition is time-barred because Petitioner did not file a motion for a delayed appeal until after the one-year statute of limitations had expired.  (Doc. 7 at 8).  Petitioner contends, however, that the statute of limitations did not begin to run until the appellate court denied his motion for a delayed appeal because the trial court failed to notify him of his right to appeal.  (Doc. 10 at 3-4 (citing 28 U.S.C. §2244(d)(1)(D) and *DiCenzi*, *supra*)).  Respondent argues that Petitioner's reliance on *DiCenzi* is misplaced because: (1) the *DiCenzi* court did not consider *Johnson*, 544 U.S. 295 (2005), which held that under 28 U.S.C. § 2255(f)(4), a petitioner's one-year limitation begins to run based upon a later discovered factual basis only if the petitioner acted with due diligence; and (2) *DiCenzi* is distinguishable from the instant case.  (Doc. 7 at 11).

Respondent's arguments against *DiCenzi* are unconvincing.  *DiCenzi* is the law of the Sixth Circuit and continues to be relied upon.  *See*, *e.g.*, *Bachman v. Bagley*, 487 F.3d 979 (6th

9

Cir. 2007); *Humphreys v. United States*, 238 F. App'x 134 (6th Cir. 2007) (unpublished opinion). *Johnson*, on which Respondent relies, is distinguishable from the instant case.  Insofar as *Johnson* is analogous to *DiCenzi*, the two are not in conflict.

The facts in *DiCenzi* are strikingly similar to the case at hand.  In *DiCenzi*, the petitioner pled guilty to vehicular homicide and aggravated vehicular assault in state trial court.  *DiCenzi*, 452 F.3d at 466.  At sentencing, the trial judge failed to notify the petitioner of his right to appeal. *Id.* at 467.  The petitioner learned of his right to appeal over a year after his deadline to appeal, at which time he moved for leave to file a delayed appeal, which the appellate court denied.  *Id.*  The Supreme Court of Ohio dismissed his subsequent appeal.  *Id.*

The *DiCenzi* court separated the petitioner's habeas claims into claims based on the sentencing proceedings and claims based on the denial of leave to file a delayed appeal, applying a different limitations period to each.  The *DiCenzi* court held that the petitioner's appeal-based claims were not barred by the statute of limitations, as that period began to run when the appellate court denied leave to appeal, which was the date the factual predicate of his appeal-based claim came into existence pursuant to 28 U.S.C. § 2244(d)(1)(D), which was tolled during the pendency of subsequent proceedings.  *Id.* at 468-69; *See* 28 U.S.C. § 2244(d)(1)(D)(initiating the one-year AEDPA requirement on the date upon which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence).  The petitioner's habeas claims with respect to the denial of leave to appeal were allowed to proceed. *Id.*

The sentencing-based claims, however, may or may not have been time-barred.  The statutory period in 28 U.S.C. § 2244(d)(1)(A) began to run thirty-days after the initial conviction and sentencing.  *Id.* at 469.  The petitioner could have benefitted from the later statutory period if he exercised due diligence in discovering his right to appeal, which was the factual predicate of

10

his conviction-based claim pursuant to § 2244(d)(1)(D), or if he could show that he filed for habeas corpus within one-year from the time a person in his situation acting with due diligence would have discovered his right to appeal.  *Id.* at 469-72.  The court, however, lacked sufficient evidence to determine if the petitioner could benefit from this later limitations period.  *Id.* at 469-70.  The court remanded for factual findings of when a person in the petitioner's position exercising due diligence would have discovered his right to appeal.  *Id.* at 472.[3]

It is important to note that the petitioner's appeal-based claims were allowed to proceed on remand, regardless of the trial court's finding of due diligence regarding petitioner's conviction-based claim.  *Id.* at 468-69.  This was because the predicate fact under § 2244(d)(1)(D) with regard to the appeal-based claims was the appellate state court's decision to deny a motion for delayed appeal, whereas the predicate facts with regard to the conviction-based claims were the failures by the trial court and counsel at sentencing.

*Johnson*, *supra*, on which Respondent relies, is not directly applicable to the instant case.  In *Johnson*, the U.S. Supreme Court ruled on the meaning of 28 U.S.C. § 2255(f), not on § 2244(d)(1), the statute at issue here.  However, the language of the two statutes is substantially similar.  28 U.S.C. § 2255(f) gives the starting point for the limitations period for habeas review of federal prisoners as "the latest of – (1) the date on which the judgment of conviction becomes final; . . . or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  A ruling by the Supreme Court on this statute is arguably applicable by analogy to § 2244(d).

---

[3] On remand, the case was dismissed upon a joint motion by all parties because the petitioner had already completed his sentence. *DiCenzi v. Rose*, N.D. Ohio Case No. 1:03-CV-602, Doc. 31, 32. Factual findings as to due diligence regarding the conviction-based claims were never made, and the trial court did not rule on the merits of the appeal-based claims.

However, *Johnson* is distinguishable from the instant case.  In *Johnson*, the petitioner challenged the constitutionality of a sentencing enhancement based upon two prior state court convictions, one of which was invalid.  *Id.* at 294-95.  After the statute of limitations based on the date of his conviction had run, the petitioner received a vacatur of his challenged state conviction. *Id.* at 300-01.  The petitioner then filed for habeas review, arguing a later limitations period based on the alleged discovery of new facts, *i.e.*, the vacatur of his state conviction.  *Id.* at 301.  The Supreme Court held that a new fact created by the petitioner, the successful vacatur proceedings, could only restart the statute of limitations with regard to his federal sentence if he acted with due diligence in bringing the state vacatur proceedings.  *Id.* at 307, 310.  The petitioner might have also received the benefit of the later statutory period if he brought his habeas petition within one-year from the time a person acting with due diligence would have received the vacatur.  *Id.* at 310, n. 8.

The facts in *Johnson* are very different from the facts in the present case.  Where in *Johnson* the petitioner challenged the constitutionality of his federal sentence based on the outcome of a subsequent state proceeding, in this case Petitioner is challenging the constitutionality of *both* his state conviction *and* the subsequent state proceedings.  There were no appeal-based claims at issue in *Johnson*, only conviction-based claims.  The factual predicate for Petitioner's appeal-based claims and the factual predicate for the *Johnson* petitioner's claims are very different.  The factual basis of the petitioner's claim in *Johnson*, that his prior conviction was invalid, was already in existence at the time of the initial sentencing; the state vacatur proceedings were merely a formal recognition of the invalidity of the prior conviction.  Here, the factual basis of Petitioner's appeal-based claims, that the appellate court denied leave to appeal, did not come into existence until the appellate court actually denied leave to appeal.  To insist that *Johnson*

12

applies to Petitioner's appeal-based claims would distort the holding in *Johnson* and destroy a legitimate avenue for challenging the constitutionality of a state appellate court's actions. *Johnson* is not applicable to Petitioner's appeal-based claims, for which *DiCenzi* controls.

On conviction-based habeas claims, *DiCenzi* is not in conflict with *Johnson*.  Both *Johnson* and *DiCenzi* apply to such claims a statutory period of one-year from the time a person acting with due diligence would have sought out their legal rights and remedies, regardless of whether the petitioner actually acted with due diligence.  *Johnson*, 544 U.S. at 310, n. 8; *DiCenzi*, 452 F.3d at 472.  As *DiCenzi* is not in conflict with *Johnson*, the Court applies *DiCenzi* as the controlling precedent of this circuit.

Applying the analysis in *DiCenzi*, the Court separates Petitioner's claims into conviction-based and appeal-based claims.  Petitioner states three grounds for relief.  (Doc. 1 at 6-9). Grounds One[4] and Two[5] are combinations of conviction-based claims and appeal-based claims, which the Court separates for limitations purposes.  Ground Three[6] is a conviction-based claim.

### 2.      Conviction-based claims

Petitioner's conviction-based claims do not satisfy 28 U.S.C. § 2244(d)(1)(A).  Petitioner's deadline for filing a notice of appeal was thirty-days.  OHIO APP. R. 4(A).  Petitioner had one year from that date to file his habeas petition.  28 U.S.C. § 2244(d)(1)(A).  Petitioner's conviction was entered on May 6, 2004.  (Doc. 7, Ex. 3).  Petitioner had until June 7, 2004 to file an appeal.[7]

---

[4] In Ground One, Petitioner alleges constitutional violations by the trial court in failing to inform Petitioner of a right to appeal, and by the appellate court in refusing leave to file a delayed appeal.
[5] In Ground Two, Petitioner alleges constitutional violations by both the trial court and appellate court in not appointing appellate counsel.
[6] In Ground Three, Petitioner alleges constitutional violations of ineffective counsel at trial level.
[7] June 5, 2004, the thirty-day mark, fell on a Saturday.

Petitioner's statute of limitations under § 2244(d)(1)(A) ran out on June 7, 2005. Petitioner filed for a writ of habeas corpus on August 15, 2007, more than two years later. (Doc. 1).

Petitioner claims that his habeas petition is entitled to the later statutory limitations period in 28 U.S.C. § 2244(d)(1)(D). Applying *DiCenzi* and *Johnson*, Petitioner must demonstrate either that he exercised due diligence in discovering the lack of notice of his right to appeal, the fact on which his conviction-based claims are predicated, or that he filed for habeas within one-year from the time a person exercising due diligence in Petitioner's position would have discovered that fact. Petitioner has failed to so demonstrate.

Petitioner states that he first discovered the factual predicate of his conviction-based claims "in or around January of 2006, when a law clerk[8] at Mansfield Correctional Institution noticed that [Petitioner] was never informed of his right to appeal . . . ." (Doc. 10 at 3). If Petitioner correctly stated the time of his discovery,[9] and if Petitioner acted with due diligence in discovering this fact, Petitioner would then have a limitations deadline of January 2007 to file for habeas protection, with the limitations period tolled during pending state proceedings. Petitioner did not file for a direct appeal with the state courts until February 16, 2007 (Doc. 7, Ex. 12), after the later statutory deadline would have passed.

However, if the Court assumes that Petitioner made a typographical error in stating the time of his discovery,[10] and so infers that the discovery was in January 2007, Petitioner's

---

[8] The Court does not know the identity of this "law clerk" or what his training may have been. Regardless, it is clear that Petitioner's notice of a right to appeal came not from the trial court or counsel, but from a third-party not necessarily in the best position to inform Petitioner of his rights.

[9] See footnote 10, *infra*.

[10] A typographical error is not unlikely. Petitioner states that he "promptly filed his motion for delayed appeal" upon discovery of his right to appeal. (Doc. 10 at 3). His motion for delayed appeal was filed in February 2007 (Doc. 7, Ex. 12).

argument still fails.  Under this assumption, Petitioner did not act to discover any appellate rights for more than a two-and-a-half years after his conviction.  A person in Petitioner's position exercising due diligence would have acted much sooner, seeking out his rights and remedies rather than waiting for a law clerk, whose identity is not known by the Court, to "[notice] that [he] was never informed of his right to appeal," (Doc. 10 at 3).  Petitioner has not submitted any evidence as to when a hypothetical person in Petitioner's position acting with due diligence would have discovered a right to appeal, and so cannot benefit from a later limitations period based on the hypothetical discovery as allowed by *Johnson* and *DiCenzi*.  Petitioner has failed to demonstrate that he is entitled to a later statutory limitations period, allowed by 28 U.S.C. § 2244(d)(1)(D), with regard to his conviction-based claims.

Petitioner has not demonstrated that he is entitled to equitable tolling of the limitations period.  Petitioner was not diligent in pursuing his rights, and thus fails the *Pace* equitable tolling test.  *See*, 544 U.S. at 418.

The Court concludes that Petitioner's conviction-based claims are time-barred by the statute of limitations.  *See* 28 U.S.C. § 2244(d).  As this finding is in agreement with the R&R with regard to Petitioner's conviction-based claims, the Court adopts the R&R with respect to Petitioner's conviction-based claims, and dismisses these claims with prejudice.  (Doc. 11).

### 3.	Appeal-based claims

Petitioner challenges the constitutionality of the state appellate court's decision to deny leave to file a delayed appeal where the delay was caused in part by the trial court's failure to notify Petitioner of his right to appeal.  Following *DiCenzi*, the Court applies the statutory period of limitations of one-year from the time Petitioner's motion for leave to appeal was denied, the date on which the factual predicate of Petitioner's appeal-based claim came into existence, with

tolling during the period Petitioner's appeal was pending before the state supreme court.  *See* 28 U.S.C. §§ 2244(d)(1)(D), 2244(d)(2).

Petitioner's delayed appeal was denied by the appellate court on March 13, 2007, at which point the statute of limitations with respect to that decision began to run.  (Doc. 7, Ex. 15). Petitioner filed a notice of appeal with the Ohio State Supreme Court on April 23, 2007, triggering the tolling provision of § 2244(d)(2).  (*See* Doc. 7, Ex. 16).  Tolling ceased when the Ohio State Supreme Court denied Petitioner's appeal ninety-three days later on July 25, 2007.  (*See* Doc. 7, Ex. 19).  Petitioner had one-year and ninety-three days from March 13, 2007, or until June 16, 2008, to file his habeas petition with respect to his appeal-based claims.  Petitioner filed for habeas review on August 15, 2007, twenty-one days after the Ohio Supreme Court's denial, well within the one-year limitations period.  (*See* Doc. 1).

The statute of limitations is satisfied with respect to Petitioner's appeal-based claims.  The Court therefore rejects the portion of the R&R that relates to Petitioner's appeal-based claims, and proceeds with its habeas analysis.

### B.      Exhaustion of State Remedies

Before seeking relief by writ of habeas corpus, Petitioner must have properly exhausted all of his state court remedies with respect to a particular claim.  28 U.S.C. § 2254(b)(1).  To be "properly exhausted," a petitioner's claims must have been fairly presented to the state courts. *Gray v. Netherland*, 518 U.S. 152, 161 (1996); *Whiting v. Burt*, 395 F.3d 602 (6th Cir. 2005).

> [T]here are four actions a petitioner can take which are significant to the determination of whether a claim has been "fairly presented:"
>
> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of

16

constitutional law.

*Whiting*, 395 F.3d at 612-13 (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (*cert. denied*, 532 U.S. 958 (2001))).

Petitioner fairly presented his appeal-based claims to the state courts for review.  After the denial of his delayed appeal, Petitioner attempted to appeal to the Ohio State Supreme Court. (Doc. 7, Ex. 16-19).  Petitioner has taken sufficient action to fairly present his constitutional claims to the Ohio State Supreme Court.  In his memorandum in support of jurisdiction to that court, Petitioner claimed Fourteenth Amendment due process violations in failing to allow a delayed appeal and appoint counsel for that appeal where the delay was due to the trial court's failure to notify Petitioner of his right to appeal.  (Doc. 7, Ex. 17).  Petitioner relied on federal and state cases employing constitutional analysis.  (*Id.* (citing *Ford v. Wainwright* 477 U.S. 399, 423 (1986) (O'Conner, J., concurring in part and dissenting in part); *Evitts v. Lucey*, 469 U.S. 387 (1985); *Swenson v. Bosler*, 386 U.S. 258 (1967); *Douglas v. California*, 372 U.S. 353 (1963); *Gideon v. Wainwright*, 372 U.S. 335 (1963); *Smith v. United States*, 162 F.3d 456 (6th Cir. 1998); *Gilbert v. Sowders*, 646 F.2d 1146 (6th Cir. 1981); *State v. Sims*, 272 N.E.2d 87 (Ohio 1971); *State v. Catalino*, 226 N.E.2d 109 (Ohio 1967))).  Petitioner gave the highest court in the State of Ohio a fair opportunity to issue a ruling on his appeal-based constitutional challenges and has satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1).

### C.     Merits of Habeas Petition – Due Process Rights

(a) . . . [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States.

* * *

17

> (d)  An application for a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §§ 2254(a), 2254(d).

If the state court does not articulate a reason behind its decision, or fails to address the constitutional issues, the federal court must conduct an independent inquiry into whether the state court reached a decision contrary to clearly established federal law or based its decision on an unreasonable determination of the facts, giving deference to the state court's determination. *Schoenberger v. Russell*, 290 F.3d 831, 835 (6th Cir. 2002); *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000).

Petitioner argues that the Ohio appellate court violated his constitutional due process rights in denying leave to file a delayed appeal of his conviction where the delay was due to the failure of the trial court to advise Petitioner of his right to an appeal.  Petitioner argues that where a state grants a right to criminal defendants, federal due process requires state procedural protections of that right.  (Doc. 10 at 5 (citing *Ford v. Wainwright*, 477 U.S. 399, 423 (1986) (O'Connor, J., concurring in part and dissenting in part))).

Respondent argues that the state appellate court's decision was not an "unreasonable application" of "clearly established federal law" as required by 28 U.S.C. § 2254(d)(1).  (Doc. 7 at 23-25).  Respondent also argues that a defendant who pled guilty may only attack his conviction through habeas proceedings on the ground that the plea was not knowing or voluntary.  (*Id.* at 25).

18

Respondent further argues that Ohio law does not grant Petitioner a right to appeal, and therefore the U.S. Constitution does not require protection of a right to appeal.  (*Id.* at 26).

Petitioner cites *Wolfe v. Randle*, 267 F. Supp.2d 743 (S.D. Ohio 2003), a habeas case decided on substantially similar facts, which held that the Fourteenth Amendment requires an appellate court to allow a late appeal where the delay was due to the defendant's lack of notice of a right to appeal, regardless of how that right has been limited by the defendant's guilty plea (Doc. 10 at 1).  The reasoning in *Wolfe* is clear and persuasive, and the facts in *Wolfe* are substantially similar to the facts in the instant case.  This Court reaches the same conclusion as the *Wolfe* court.

Respondent is correct in pointing out that there is no constitutional right to an appeal.  *See*, *e.g.*, *Abney v. United States*, 431 U.S. 651 (1977).  However, where a state chooses to grant a right of appeal to criminal defendants, due process requires that procedural safeguards be put in place to make that right enforceable.  *Evitts v. Lucey*, 469 U.S. 387, 403 (1985); *see also Ford v. Wainwright*, 477 U.S. 399, 423 (1986), (O'Connor, J., concurring in part and dissenting in part).

Contrary to Respondent's assertion, the right to appeal is granted to *all* defendants in Ohio. OHIO REV. CODE § 2953.02.  Even a defendant who has pled guilty has limited rights to appeal.  It is true that a defendant who pled guilty may not appeal the factual basis of his conviction, except on the basis that his guilty plea was not entered knowingly, intelligently, and voluntarily.  *United States v. Borce*, 488 U.S. 563 (1989); *Brady v. United States*, 397 U.S. 742 (1970); *Barker v. United States*, 781 F.2d 85 (6th Cir. 1986).  It is also true that a defendant who pled guilty may not appeal a sentence that was jointly recommended by the prosecution and the defense, or a sentence imposed for a conviction of murder (as the judge has no discretion on the sentence to impose for a murder conviction).  OHIO REV. CODE § 2953.08(D).  However, that defendant still retains some appellate rights.  *State v. Wilson*, 388 N.E.2d 745, 748 (Ohio 1979) (citing and adopting *Menna v.*

19

*New York*, 423 U.S. 61, 62, footnote 2 (1975). A defendant who pled guilty may appeal his conviction on grounds that the statute on which his conviction is based is unconstitutional. *Id.* A defendant who pled guilty may appeal a sentence that is contrary to law. OHIO REV. CODE § 2953.08. At least one Ohio appellate court has held that all Ohio defendants who plead guilty have a right to a delayed appeal where notice of a right to appeal was not given by the trial court. *State v. Robinson*, 655 N.E.2d 276 (Ohio Ct. App., Franklin County 1995). Even though a right to appeal might be limited, the Fourteenth Amendment requires procedural safeguards to protect that limited right. *Wolfe*, 267 F. Supp. 2d at 746 ("After deciding that a right to appeal is essential, the state cannot then deny [a] defendant due process.").

The due process rights afforded to defendants on appeal are many and varied. Indigent defendants are entitled to effective counsel, appointed by the court, on a first appeal of right. *Evitts v. Lucey*, 469 U.S. 387, 393 (1985); *Douglas v. California*, 372 U.S. 353, 365-67 (1963); *Gilbert v. Sowders*, 646 F.2d 1146, 1150 (6th Cir. 1981); *State v. Catlino*, 226 N.E.2d 109 (Ohio 1967). Indigent defendants must be provided with a transcript of the lower court proceedings. *Griffen v. Illinois*, 351 U.S. 12, 18 (1956). These specific rights of process on appeal have been recognized and enforced by the United States Supreme Court. The Supreme Court has not specifically ruled on whether a defendant who has only a limited right of appeal is entitled to notice of that right. However, as the *Wolfe* court explains:

> The protections set forth by the Supreme Court all assume that the defendant knows of his right to appeal. Because notice is more basic than the rights granted in Supreme Court precedent and is a foundation of Supreme Court case law, precedent mandates that due process is violated when a defendant is not informed of his right to appeal by the trial court or by his counsel. The Ohio Court of Appeals decision denying Petitioner's claim was therefore an unreasonable application of clearly established Supreme Court precedent.

267 F. Supp.2d at 749.

20

A defendant is denied his right to an appeal when he is not informed of that right. *Jacobs v. Mohr*, 265 F.3d 407, 419 (6th Cir. 2001). The choice of whether to appeal is the defendant's alone; no one can make that decision for him. *Jones v. Barnes*, 463 U.S. 745, 751 (1983); *see also Marrow v. United States*, 772 F.2d, 525, 530 (9th Cir. 1985). It is impossible for a defendant to make that decision if he, for want of notice, is completely unaware that an appeal is an option. *United States ex rel. Smith v. McMann*, 417 F.2d 648, 654 (2d Cir. 1969) ("[T]he right to appeal at the expense of the state is a mere illusion if the convicted indigent defendant does not know such a right exists.") (*cert. denied*, 397 U.S. 925 (1970)); *State v. Sims*, 272 N.E.2d 87, 91 (Ohio 1971) ("[I]n the absence of evidence in the record upon which it could be determined that an indigent convicted defendant knowingly and intelligently waived his right of direct appeal . . . it was error for the Court of Appeals to dismiss the motion for leave to appeal without making such a factual determination."). The right of appeal granted by the state must be more than illusory to satisfy the due process demands of the Fourteenth Amendment.

An indigent defendant is entitled to effective court-appointed counsel on his first appeal of right. *Evitts*, 469 U.S. 387; *Penson v. Ohio*, 488 U.S. 75 (1988); *Ludwig v. United States*, 162 F.3d 456 (6th Cir. 1998). This right to counsel on direct appeal exists even where the right to direct appeal has been limited by a guilty plea. *See Wolfe*, 267 F. Supp.2d at 750.

Petitioner has not knowingly and voluntarily waived his right of direct appeal. As in *Wolfe*, Petitioner alleges that neither the trial court nor counsel informed Petitioner of any right to appeal. *Id.* at 745-46, (Doc. 10 at 2). Respondent does not dispute these allegations. An examination of the trial record substantiates Petitioner's contentions. Petitioner was not told by the trial court that by pleading guilty he would be waiving his appellate rights. Indeed, the word "appeal" does not appear at all in the transcript of the plea and sentencing proceedings. There is

no evidence or indication that Petitioner was informed by his trial counsel of a right to appeal. There is no evidence, and Respondent does not argue, that Petitioner signed a plea agreement explicitly waiving his appellate rights. Though Petitioner may have limited his appellate options through his guilty plea, there is no indication on the record that he waived this right in its entirety. Petitioner retained a limited right of appeal at the time of his conviction and sentencing. Petitioner, an indigent defendant with a limited right to appeal, must be accorded sufficient procedural safeguards for that limited right. At a minimum, Petitioner was entitled to notice of his rights of appeal and to court appointed counsel.

The Ohio Court of Appeals, without comment, unconstitutionally denied Petitioner's motion for leave to file a delayed appeal. Under the circumstances of this case - where notice of Petitioner's appellate rights was not given - the appellate court was in a position to correct the due process error of the trial court by granting Petitioner's motion for leave to appeal and appointing counsel on his behalf. The appellate court failed to do so. As notice is the foundation for the exercise of all appellate rights, and more fundamental than any of the other procedural safeguards explicitly required by the United States Supreme Court, the appellate court's denial of leave was an unreasonable application of clearly established federal law and Supreme Court precedent. *See Wolfe*, 267 F. Supp.2d at 749. This Court thus conditionally grants this Petition for Writ of Habeas Corpus, and gives the Ohio Court of Appeals the opportunity to rectify its constitutional violation.

## VI. CONCLUSION

In accordance with the foregoing analysis, the R&R is adopted in part and rejected in part. (Doc. 11). Respondent's Motion to Strike Petitioner's Objections to the R&R is denied. (Doc. 18). Petitioner's Motion for Leave to Amend the Petition is denied. (Doc. 19). Petitioner's conviction-based habeas claims are dismissed with prejudice. (Doc. 1). Petitioner's Petition for

22

Writ of Habeas Corpus is conditionally granted with respect to Petitioner's appeal-based claims. (*Id.*).

Petitioner shall be released from prison unless the Ohio Court of Appeals permits Petitioner to file a delayed appeal *in forma pauperis* and with court-appointed counsel.  Petitioner must file a renewed motion for delayed appeal and appointment of counsel with the Ohio Court of Appeals.   Reinstatement of the appeal and appointment of counsel must be granted within sixty days of Petitioner's renewed motion.  Petitioner's counsel must be given sufficient time to draft and file any necessary appellate briefs. Respondent is ordered to notify this Court in writing of the appellate court's reinstatement of Petitioner's appeal.  Petitioner is ordered to notify this Court in writing upon the expiration of the sixty-day deadline for reinstatement of the appeal.

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE